Dear Mr. Peters:
As outlined in your request, the Louisiana Tax Commission is empowered by law to change or correct a property assessment so that it conforms to a true and correct valuation of the property. Historically, the Tax Commission has issued change orders through the signature of two commission members. The change orders have not been approved in an open meeting and you question if this procedure is appropriate.
In short, we believe the change orders should be approved by the Tax Commission in an open meeting pursuant to Louisiana's Open Meetings Laws. Our constitution specifically provides that every person has the right to observe the deliberations of public bodies and examine public documents.[1] As such, every meeting of any public body must be open to the public unless it falls within one of the exclusions provided by law.[2] The Louisiana Tax Commission is a public body as that term is defined in the open meetings laws. A meeting is the convening of a quorum of a public body to deliberate or act on a matter that is within its supervision, control, jurisdiction, or advisory power. It also includes the convening of a quorum of a public body to receive information regarding a matter over which it has supervision, control, jurisdiction, or advisory power.[3]
In light of the above, clearly, the Louisiana Tax Commission is a public body and is therefore subject to the open meetings laws. As mentioned, the Tax Commission is empowered to change or correct property assessments so that the assessments conform to the true and correct valuation of the property and it need only issue written instructions to the particular assessor to make the change and/or correction.[4] A change order is issued by the Tax Commission, not individual commission members. The Tax Commission must, therefore, approve or disapprove of any proposed changes or corrections as a whole. Although we see no problem with the Commission delegating the review and/or recommendation of changes and corrections to individual commission members, the ultimate decision to make a change or correction rests with the Tax Commission as a whole and it must vote, openly, on the proposed changes or corrections.
We reviewed the research and analysis of this issue by counsel for the Commission and we simply disagree. The issue is not that there is no meeting because there is no quorum but rather the issue is that such action must take place in a meeting that is open to the public. The case cited by counsel[5], we believe, is not applicable because it involves a parish zoning appeals board. The court concluded that the board was not subject to the open meetings law because it was a board of adjustment and as such was quasi-judicial in nature. A board of adjustment is a zoning appeals board and these boards are regulated by separate statutes.
Again, it is our opinion that change orders issued by the Louisiana Tax Commission must be done in an open meeting and pursuant to Louisiana's Open Meetings Laws.
If you have any questions, please contact us.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
[1] Article 12, Section 3 of the Louisiana Constitution
[2] La.R.S. 42:5
[3] La.R.S. 42:4.2 (A)(1)
[4] La.R.S. 47:1990
[5] Central Metairie Civic Asso. v. The Parish of Jefferson,478 So.2d 1298 (La.App. 5th Civ. 1985), writ denied, 481 So.2d 631.